McKAY, Circuit Judge.
In this criminal appeal, Defendant Margarito Chavez-Suarez challenges the substantive reasonableness of his sentence. Defendant pled guilty to illegally reentering the country following deportation after a conviction for a drug-trafficking offense. This drug-trafficking offense — a 1997 state court conviction for the attempted distribution of marijuana — resulted in a sixteen-level enhancement to the offense level cal *1138 eulated under the advisory sentencing guidelines. Based on this enhancement, the advisory guideline range was calculated at forty-one to fifty-one months of imprisonment. Although the probation officer recommended granting Defendant’s request for a variance below this guideline range, the district court ultimately imposed a forty-one month sentence. This appeal followed.
On appeal, Defendant challenges only the substantive reasonableness of the sentence imposed, arguing that this sentence was unreasonably long in light of the age of the underlying drug-trafficking conviction, his essentially clear conduct prior to and following that conviction, and the relatively benign nature of his attempted distribution of marijuana in comparison to the other offenses that trigger the sixteen-level enhancement. Defendant notes that, following his 1997 conviction, his only contact with the police was for driving without insurance. Indeed, he was only discovered to be in the United States illegally in 2008 because he complied with traffic laws by remaining at the scene of an accident that had been caused by another driver. Defendant argues that the record shows he was deterred from drug trafficking by an eighteen month sentence (from which he was released after nine months), and he asserts that this demonstrates that he would likewise be deterred from illegal reentry by a relatively short sentence. Defendant further notes other offenses triggering a sixteen-level enhancement under the guidelines include terrorism, rape, murder, child pornography, and human trafficking, and he argues his attempted distribution of marijuana should not be subject to the same enhancement as these crimes. He also notes that the district court found certain mitigating factors relating to his personal characteristics. In light of all of these circumstances, Defendant argues, the district court abused its discretion by refusing to vary below the applicable guidelines range.
We agree with the Ninth Circuit that the staleness of an underlying conviction may, in certain instances, warrant a below-Guidelines sentence. See United States v. Amezcua-Vasquez, 567 F.3d 1050, 1055-58 (9th Cir.2009). “The fact that Section 2L1.2(b) addresses the seriousness of the offense—as opposed to the risk of recidivism-—explains the absence of time limitations on qualifying predicate convictions. It does not, however, [always] justify increasing a defendant’s sentence by the same magnitude irrespective of the age of the prior conviction at the time of reentry.” Id. at 1055 (citations omitted). While, as the government points out, we have previously upheld guidelines-range sentences where the underlying conviction occurred years in the past, see, e.g., United States v. Torres-Duenas, 461 F.3d 1178, 1182 (10th Cir.2006), we are persuaded that the staleness of a conviction may under certain circumstances warrant a variance below the guidelines.
We are also persuaded that a downward variance may sometimes be warranted based on the relatively benign nature of a particular offense in comparison to other offenses triggering the same enhancement. Indeed, we have on occasion noted that the nature of a prior conviction may bear on the reasonableness of a sentence that is based on this sixteen-level enhancement. See, e.g., United States v. Hemandez-Castillo, 449 F.3d 1127, 1131-32 (10th Cir.2006) (expressing “grave misgivings” regarding the appropriateness of a guidelines-range sentence resulting from a sixteen-level enhancement for statutory rape based on a consensual sexual relationship between two teenagers); United States v. Trujillo-Terrazas, 405 F.3d 814, 819-20 (10th Cir.2005) (not *1139 ing that applying the same “substantial sixteen-level enhancement” for a relatively trivial arson as for a more serious case of arson “could be seen to run afoul of § 3553(a)(6), which strives to achieve uniform sentences for defendants with similar patterns of conduct”). Moreover, we find singularly unpersuasive the argument the government made before the district court that “the defense fails [to] recogniz[e] that drug trafficking is as serious as murders or child molestation or other serious types of felonies ... even if it’s a small amount [that] might not look horrendous.” (R. Vol. II at 20-21.) We are convinced that the attempted distribution of marijuana is in itself not nearly as serious a crime as murder, human trafficking, child molestation, and other felonies triggering the sixteen-level enhancement. We therefore conclude that a downward variance may be warranted in certain cases where the sixteen-level enhancement is triggered by this crime.
Nevertheless, while troubled by the age and nature of the underlying felony conviction, we cannot say that the district court’s sentencing decision amounted to an abuse of discretion. See United States v. MeComb, 519 F.3d 1049, 1053 (10th Cir.2007). Although we might have imposed a lower sentence in the first instance, we are not persuaded that the district court’s judgment fell outside the “range of rationally permissible choices” before it. Id. We are concerned by the fact that the underlying conviction was eleven years old, but we are not convinced that this conviction was so stale that the district court abused its discretion by refusing to vary downward under the circumstances of this case. Cf. Amezcua-Vasquez, 567 F.3d at 1056 (holding that a downward variance was required where the underlying convictions occurred twenty-five years prior to the defendant’s removal and reentry). In light of all of the evidence in the record, including Defendant’s past illegal reentries and certain aggravating factors in his underlying drug-trafficking conviction, the imposition of a guidelines-range sentence in this case did not manifest a clear error of judgment by the district court. We therefore AFFIRM the conviction and sentence.