FILED
United States Court of Appeals
Tenth Circuit

September 17, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN PABLO SERRANO,

Defendant-Appellant.

No. 10-3036
(D.C. No. 2:09-CR-20098-KHV-1)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f).

Defendant pled guilty to one count of re-entry after deportation subsequent to a conviction for a felony in violation of 8 U.S.C. § 1326(a) and (b)(1). The presentence report indicated a criminal history category of VI and a total offense level of thirteen, based in part on an eight-level enhancement because Defendant

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

had previously been deported after conviction for an "aggravated felony," as defined by 8 U.S.C. § 1101(a)(43)(A). Based on this calculation, the presentence report established an advisory guideline range of 33 to 41 months' imprisonment. Defendant moved for a downward variance, arguing that, because of the age of his prior conviction, the court should apply a four-level enhancement rather than the full eight-level enhancement. However, after considering this motion, the district court ultimately varied upward by imposing a term of 60 months' imprisonment. On appeal, Defendant challenges both the procedural and substantive reasonableness of his sentence. "[W]e review sentences for reasonableness under a deferential abuse-of-discretion standard." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008).

A court may commit procedural error in imposing a sentence by "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Defendant argues that the district court erred by failing "to articulate . . . why the Guideline calculation did not adequately protect the public or deter Mr. Serrano." (Appellant's Br. at 10-11.) After a careful review of the record, we are not persuaded. In imposing an above-guidelines sentence the court remarked that "[t]his is probably one of the most egregious cases of this kind that I have ever seen," and then specifically

referenced the § 3553(a) factors and Defendant's numerous illegal entries, his record of repeated violations of the conditions of supervised release, and his long record of arrests and general disrespect for the laws of the United States. (Doc. 38 at 15.) While a district court that relies on facts "already accounted for in the advisory Guideline range" must "articulate[] specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation[, t]his explanation need not be overly detailed." *Alapizco-Valenzuela*, 546 F.3d at 1222-23 (first alteration in original) (internal quotation marks and citation omitted). In light of the district court's stated reasons, we conclude that Defendant's sentence is not procedurally unreasonable.

Defendant next attacks the substantive reasonableness of his sentence. Specifically, Defendant argues that the district court abused its discretion by not varying downward based on the fact that Defendant's conviction for unlawful deprivation of a vehicle, an "aggravated felony" resulting in an eight-level enhancement, was fifteen years prior to the date of sentencing. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-58 (9th Cir. 2009) (holding that "the district court abused its discretion when it applied the Guidelines sentence to Amezcua without making allowances for the staleness of the prior conviction and his subsequent lack of any other convictions for violent crimes"). We certainly agree with Defendant that the staleness of a conviction may under certain circumstances warrant a variance below the guidelines, especially where there is

an absence of subsequent criminal conduct following the enhancement-triggering conviction. *See United States v. Chavez-Suarez*, 597 F.3d 1137, 1138 (10th Cir. 2010); *see also Amezcua-Vasquez*, 567 F.3d at 1055. However, in place of a clean record indicating that his "aggravated felony" conviction was part of a reckless past left far behind, Defendant's presentence report demonstrates a continuous stream of police contact subsequent to the "aggravated felony" conviction, including at least six arrests and an additional six active warrants for various crimes ranging from continued immigration violations to assault and drug offenses. As the district court noted, "[if] there was a clean record up until now, we would be looking at an entirely different scenario"; nevertheless, based on the record before us, we agree with the district court that Defendant's conduct demonstrates nothing but "an attitude of contempt for the American legal system." (Doc. 38 at 19.) Under such circumstances, we are not persuaded that the sentence ultimately imposed by the district court "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (internal quotation marks omitted). We therefore **AFFIRM** Defendant's sentence.

Entered for the Court


Monroe G. McKay
Circuit Judge


-4-