FILED
United States Court of Appeals
Tenth Circuit

October 28, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

FRANCISCO JAVIER SOLORIO-
MONDRAGON,

Defendant–Appellant.

No. 11-2041
(D.C. No. 1:10-CR-00620-JEC-1)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

After examining counsel's *Anders* brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This case is therefore ordered submitted without oral argument.

On the morning his jury trial was scheduled to begin, Defendant pled guilty

to (1) conspiracy to possess with the intent to distribute, and (2) possessing more

than fifty grams of methamphetamine with the intent to distribute. The district

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

court calculated the applicable sentencing guidelines range to be 151 to 188 months of imprisonment for both counts. In light of additional drug activity that Defendant admitted to, the court imposed a sentence at the high end but still within the calculated guidelines range.[1] On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why counsel believes there to be no reasonable grounds for appeal. Defendant and the government were both given the opportunity to file a response to the *Anders* brief, but neither did so.

When defense counsel files an *Anders* brief, we are required to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* at 744. We agree with counsel that Defendant has no non-frivolous grounds he could raise on appeal. Nothing in the plea colloquy suggests a valid basis on which Defendant could challenge the entry of his plea of guilty. As for Defendant's sentence, we see no meritorious ground on which Defendant could challenge the length or constitutionality of the sentence he received. In his *Anders* brief, counsel notes two possible bases for appeal: (1) the district court's application of a two-level rather than a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and (2) the district court's decision to sentence Defendant to the high end of the guidelines range – 188 months for each

---

[1] Trial judges are clearly authorized to "rely upon information of alleged criminal activity for which the defendant ha[s] not been prosecuted." *Smith v. United States*, 551 F.2d 1193, 1196 (10th Cir. 1977).

count, to run concurrently.

We agree with defense counsel that neither of these arguments raises a meritorious issue for appeal. After applying a two-level adjustment for acceptance of responsibility, a district court may apply an additional acceptance-of-responsibility adjustment only upon the government's motion; or, if the government refuses to file a motion, if the district court concludes that "the refusal was (1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." *United States v. Moreno-Trevino*, 432 F.3d 1181, 1186 (10th Cir. 2005) (internal quotation marks omitted). Because the government did not file a § 3E1.1 motion and there is no evidence that this refusal was improper, we have no authority to review this issue. *See id.* As for the potential argument regarding the length of Defendant's sentence, we see no error in the court's calculation of the applicable sentencing guidelines range, and we see no basis by which Defendant could rebut the presumption of reasonableness attached to his within-guidelines sentence. *See United States v. Chavez-Suarez*, 597 F.3d 1137, 1139-40 (10th Cir.), *cert. denied*, - - - U.S. - - -, 131 S. Ct. 286 (2010); *see also United States v. Angelos*, 433 F.3d 738, 750-53 (10th Cir. 2006) (rejecting an Eighth Amendment challenge to a mandatory sentence of fifty-five years for drug and firearm offenses committed by a defendant with no prior adult criminal history).

Our thorough review of the record persuades us that Defendant can raise no

meritorious issue on appeal.  We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge