**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

OSCAR GARCIA-DELIRA,

        Defendant-Appellant.

No. 12-3247

(D.C. No. 2:10-CR-20127-JAR-1)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Oscar Garcia-Delira was convicted by a jury of unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b), and was sentenced to fifty-seven months' imprisonment. Defendant now appeals, arguing the sentence imposed by the district court was substantively unreasonable.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After Defendant's conviction, a presentence investigation report was prepared and submitted to the district court and parties. The PSR recommended a total offense level of 24, representing a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a) and a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because Defendant had previously been deported following a felony conviction in 1995 for lewd molestation of a minor. The PSR calculated Defendant as having three criminal history points based on his 1995 conviction. As a result, the PSR recommended a criminal history category of II. Together, the recommended total offense level and criminal history category resulted in a guideline range of fifty-seven to seventy-one months' imprisonment.

Defendant did not object to the PSR or dispute the accuracy of the guideline range calculation. He did, however, request a substantial downward variance to a sentence of time served (approximately twenty-four months) based on his individual circumstances and the § 3553(a) sentencing factors. Specifically, Defendant argued such a variance was warranted in light of the fact that his prior felony conviction was approximately eighteen years old at the time of sentencing and because he suffers from physical, emotional, and possibly cognitive impairments as a result of an electrocution accident in 2008. During Defendant's sentencing hearing, the district court adopted the PSR's sentencing calculations and declined to grant Defendant's request for a variance. In doing so, the court concluded that although the prior conviction was eighteen years old, "the nature of the prior felony, lewd molestation of a minor, [in] particular a seven-year-old child, weighs against the request for variance." (R. Am. Vol. II at 178.) Turning to

Defendant's health, the court acknowledged that Defendant "suffered a very unfortunate injury of electrocution and that it has had lasting effects on him physically and mentally." (*Id.* at 177.) However, Defendant "ha[d] been fully evaluated by the experts at the Butner Medical Center," who "found that he was overstating or exaggerating his symptoms and in that respect was malingering." (*Id.*) Accordingly, the court concluded that a variance was not appropriate based on Defendant's medical condition, particularly given "that his medical condition can be appropriately addressed while he is in custody." (*Id.* at 178.) The court then sentenced Defendant to fifty-seven months' imprisonment—the low end of the guideline range. Defendant appeals the substantive reasonableness of this sentence.

"'When evaluating the substantive reasonableness of a sentence, we afford substantial deference to the district court, and determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011) (quoting *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1167 (10th Cir. 2010)). If the sentence is within the correctly calculated guideline range, it "is entitled to a rebuttable presumption of reasonableness on appeal." *Id.* (internal quotation marks omitted). "This is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

Defendant challenges the substantive reasonableness of his sentence on three

grounds.  First, he argues that although deemed competent to stand trial, he lacked the competency to help himself by pleading guilty or agreeing to a bench trial on stipulated facts, which would have resulted in his eligibility for a three- or two-point reduction, respectively, under U.S.S.G. § 3E1.1.  Had Defendant received such a reduction, his offense level would have been 21, with a low-end guideline range of forty-one months, or 22, with a low-end guideline range of forty-six months.  Defendant argues the fact that his cognitive impairments precluded him from receiving these lower offense levels highlights the substantive unreasonableness of his sentence.  Second, he argues that his prior conviction is sufficiently stale to justify a variance, *see United States v. Chavez-Suarez*, 597 F.3d 1137, 1138 (10th Cir. 2010) ("[T]he staleness of a conviction may under certain circumstances warrant a variance below the guidelines."), particularly given that his "health problems . . . render him unlikely to reoffend" (Appellant's Opening Br. at 20).  Finally, Defendant argues his physical, emotional, and cognitive impairments render his sentence substantively unreasonable because (1) under § 3553(a)(2)(A), he has "already received just punishment in light of his medical condition"; (2) under § 3553(a)(2)(C), he "poses no risk of recidivism because his health problems render him effectively unable to return to the United States"; and (3) under § 3553(a)(2)(D), he "needs continuing care from his family, in Mexico, to assist with his cognitive, vocational, and physical impairments."  (Appellant's Opening Br. at 22.)

After a thorough review of the record, it is clear the district court considered each of the grounds Defendant argues as a basis for a downward variance from the guideline

range.[1] Taking these arguments and the § 3553(a) factors into account, the district court concluded that "a sentence of 57 months of imprisonment, which is the low end of the guideline range, . . . reflects the seriousness of the offense, promotes respect for the law, and provides just punishment." (R. Am. Vol. II at 182-83.) We see nothing in this determination that would constitute an abuse of discretion.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] Defendant did not articulate his first argument regarding the missed opportunity for a point reduction for acceptance of responsibility in the same manner that he now does. He did, however, address the fact that there had been "a number of settings for change of plea, a setting for a stipulated facts trial, all of which . . . ended up culminating in a jury trial." (R. Am. Vol. II at 163.) Defendant then explained, "The Sixth Amendment makes [him] the captain of the ship in these circumstances. . . . And included in the grant of authority to [him] . . . is the right to pilot that ship on the rocks, which he has." (*Id.*) He then focused the court on "[t]he question . . . for sentencing purposes": "why"—"What is in his head and why is it relevant for sentencing purposes?" (*Id.*) In addressing Defendant's arguments regarding the effect of his cognitive impairments, the district court stated, "Mr. Garcia has been evaluated and has been determined to be competent and that's why we proceeded with this case and proceeded to trial." (*Id.* at 177.)