**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BENEDICTO CUELLAR-
DOMINGUEZ,

    Defendant - Appellant.

No. 19-2104
(D.C. No. 2:19-CR-00892-JTM-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, we grant the parties' requests and order the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Benedicto Cuellar-Dominguez pleaded guilty to a single count of illegally reentering the United States after removal, in violation of 8 U.S.C. § 1326(a). The district court sentenced Cuellar-Dominguez to a twenty-one-month term of imprisonment, a term at the bottom of the advisory guidelines range of twenty-one to twenty-seven months. Cuellar-Dominguez appeals, asserting his sentence is too long in light of the sentencing factors set out in 18 U.S.C. 3553(a). This court exercises jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and **affirms** the sentence imposed by the district court.

In preparation for sentencing, the United States Probation Office disclosed Cuellar-Dominguez's Presentence Investigation Report ("PSR"). Because of a conviction for driving under the influence and five convictions for illegal entry or reentry, Cuellar-Dominguez had eleven criminal history points. The result was a criminal history category of V. This criminal history category, when combined with Cuellar-Dominguez's offense level of ten, resulted in an advisory guidelines range of twenty-one to twenty-seven months' imprisonment.

When Cuellar-Dominguez appeared before the district court for sentencing, he stated he did not have any "objections or corrections" to the PSR. He did, however, ask for a nine-month downward variance from the bottom of the advisory guidelines range, to a sentence of twelve months and one day. Cuellar-Dominguez argued his criminal history category was overstated because it

consisted of a 2010 conviction for driving under the influence[1] and "non-victim immigration crimes." He also noted he has four minor children, with "another one on the way." Finally, he asserted he no longer consumed alcohol, having quit in 2017. In his allocution, Cuellar-Dominguez stated: "I just want to say that I am really sorry, your Honor. This is the last time I come to the United States. My family needs me. I have children to support. And that's all I wanted to say. Thank you."

The district court then pronounced sentence. It noted Cuellar-Dominguez had "five illegal entry or reentry convictions since 2010 and in addition, . . . [had] been removed nine other times." In light of this history, the district court remarked as follows: "[I]f you did not have that extensive a reentry record, I probably would be a little more sympathetic toward you." The district court rejected the assertion Cuellar-Dominguez's criminal history category was overrepresented. In light of his reentry convictions and his multiple removals from the United States, the court was hard pressed "to think that things [were] going to be any different" moving forward.[2] The district court sentenced

---

[1]Cuellar-Dominguez described this conviction as occurring "many, many years ago."

[2]Indeed, given this history, the district court noted as follows: "I typically would be more inclined to give a shorter sentence, 12 months and a day maybe. You've served 114 days. But I just don't see that here. I think a 21-month sentence with credit for time served is appropriate in your case."

Cuellar-Dominguez to twenty-one months' imprisonment, the low end of the advisory guidelines range, with no supervised release to follow.

After the district court pronounced sentence, Cuellar-Dominguez's counsel expressed surprise the court imposed a sentence of twenty-one months when Cuellar-Dominguez's previous illegal-reentry sentence had been only eight months. In response, the district court pointed out that despite numerous convictions, Cuellar-Dominguez continued to reenter the United States illegally. The district court explained that "the long and the short of it is I've seen no indication at all that this is the end and perhaps spending more time than a few months will drive the point home." Cuellar-Dominguez, thereafter, timely filed his notice of appeal, asserting his sentence is substantively unreasonable because it is too long.

"After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), this court reviews sentences for reasonableness." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). "Reasonableness review is a two-step process comprising a procedural and a substantive component." *Id.* (quotation omitted). Cuellar-Dominguez limits his appellate challenge to the substantive reasonableness of the sentence imposed by the district court. "Review for substantive reasonableness focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth

in 18 U.S.C. § 3553(a)." *Id.* (quotation omitted). This court reviews the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). A sentence is substantively unreasonable only if the district court "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotation omitted). That is, a "district court abuses [its] discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) (quotation omitted).

> [G]iven the district court's institutional advantage over [this court's] ability to determine whether the facts of an individual case justify a variance pursuant to § 3553(a) (given that the sentencing judge, for example, sees and hears the evidence, makes credibility determinations, and actually crafts Guidelines sentences day after day), we generally defer to its decision to grant, or not grant, a variance based upon its balancing of the § 3553(a) factors.

*Id.* Where, as here, the sentence imposed by the district court is within the properly calculated guideline range, there is a presumption of reasonableness. *Id.* This presumption can be rebutted if the defendant shows the sentence imposed is unreasonable in light of the factors set forth at 18 U.S.C. § 3553(a). *Id.*

Cuellar-Dominguez complains, quite simply, that his sentence is too long. In summary, he argues his sentence is "unreasonably long and greater than necessary because it was twice as long as [his] prior sentence." He fails to

demonstrate, however, how his twenty-one-month sentence, which is at the bottom of the advisory guidelines range, is substantively unreasonable under the circumstances. Instead, he simply asserts the district court gave too much emphasis to his history of immigration violations. This court's precedents make clear, however, that "[w]e may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). Furthermore, a district court does not abuse its discretion substantively as long as it chooses a sentence "within the realm of . . . rationally available" sentencing choices. *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). Thus, even if another judge might, in the first instance, have imposed a different sentence, that does not render the district court's sentencing decision unreasonable. *See United States v. Mumma*, 509 F.3d 1239, 1245 (10th Cir. 2007)

Cuellar-Dominguez has failed to rebut the presumption the district court chose a reasonable sentence. He admits that the sentence is within the correctly calculated advisory guidelines range, but argues that, because the court focused on his "multiple illegal entries and five convictions," it "did not consider whether a lesser sentence that was still longer than the prior eight-month sentence would be sufficient." The record demonstrates the district court considered Cuellar-Dominguez's request for a sentence of twelve months and one day, but

determined, in light of his prior immigration convictions and numerous removals, a low-end guidelines sentence was fitting. The district court made clear that it considered Cuellar-Dominguez's long history of immigration offenses to be the weightiest factor at sentencing. This history quite correctly informs several of the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B). This court has approved a district court's consideration of a "[d]efendant's past illegal reentries," in the imposition of a within-guidelines sentence. *United States v. Chavez-Suarez*, 597 F.3d 1137, 1139 (10th Cir. 2010). Cuellar-Dominguez has failed to provide any reason to rebut the presumption that his sentence is reasonable. He does not contend, nor could he, that there is one precise multiplier a district court must apply to a prior reentry sentence to achieve adequate deterrence to a defendant with fourteen prior immigration offenses or removals.

For those reasons set out above, the sentence imposed by the United States District Court for the District of New Mexico is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-7-