FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

JOSE MAURICIO NUÑEZ-ROSAS,

　　Defendant - Appellant.

No. 21-2031
(D.C. No. 2:21-CR-00019-JCH-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT*
_____

Before **HARTZ**, **KELLY**, and **MURPHY**, Circuit Judges.
_____

Jose Mauricio Nuñez-Rosas pled guilty to illegal reentry into the United States and was sentenced to 21 months' imprisonment given an advisory guideline range of 21–27 months. On appeal, he argues that (1) the district court should have granted a downward variance resulting in a six-month term of imprisonment, and (2) the sentence imposed is substantively unreasonable. This court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In 2002, Mr. Nuñez-Rosas was convicted of distributing 50 or more grams of methamphetamine in Oregon.  He was sentenced to 70 months' imprisonment.  He was released from custody and deported in October 2006.

In September 2020, Mr. Nuñez-Rosas was arrested for illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b).  He subsequently pled guilty but did not enter into a plea agreement.[1]  Mr. Nuñez-Rosas's total offense level was 15 with a criminal history category of II, resulting in a guideline range of 21–27 months.  Had Mr. Nuñez-Rosas not received three criminal history points for his prior drug conviction, his total offense level would have been five with a criminal history category of I, resulting in a guideline range of zero to six months.  Consequently, Mr. Nuñez-Rosas asked the court to sentence him to six months' imprisonment.  Instead, the court emphasized "the prior conviction, though it may be old, it is for a very serious offense" and sentenced him to the low end of the range.

## Discussion

Mr. Nuñez-Rosas argues that the district court should have granted a downward variance because the prior drug conviction was stale and bears little relationship to the illegal reentry conviction.  This court reviews the substantive

---

[1] Mr. Nuñez-Rosas explains that he anticipated a 10-level enhancement based on his prior conviction and did not enter into a "fast-track" plea agreement because he would have been unable to argue for a reduction in his sentence.

unreasonableness of a sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). A sentence "is substantively unreasonable if it 'exceed[s] the bounds of permissible choice, given the facts and the applicable law.'" United States v. Chavez, 723 F.3d 1226, 1233 (10th Cir. 2013) (quoting United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007)). Additionally, a sentence within the correctly calculated guideline range is presumed reasonable. United States v. Blair, 933 F.3d 1271, 1274 (10th Cir. 2019).

This court considered a similar situation in United States v. Chavez-Suarez where a "[d]efendant pled guilty to illegally reentering the country following deportation after a conviction for a [marijuana] drug-trafficking offense." 597 F.3d 1137, 1137 (10th Cir. 2010). The prior drug offense resulted in a 16-level enhancement and a guideline range of 41–51 months. Id. at 1138. The district court sentenced the defendant to 41 months' imprisonment. The defendant argued that the sentence was substantively unreasonable in light of the age and nature of the underlying conviction and his clear record before and after that conviction. Id.

This court affirmed. Id. at 1139. While noting that "the staleness of an underlying conviction may, in certain instances, warrant a below-Guidelines sentence," this court observed that an 11-year-old, relatively benign conviction was not "so stale that the district court abused its discretion by refusing to vary downward under the circumstances of this case." Id. at 1138–39.

Thereafter, this court affirmed a sentence "at the low end of the Sentencing Guidelines range," where the defendant received a 12-level enhancement for a 15-

3

year-old cocaine trafficking conviction. United States v. Vasquez-Alcarez, 647 F.3d 973, 974 (10th Cir. 2011). The court calculated the guideline range at 27–33 months and imposed a sentence of 27 months' imprisonment. Id. at 975. The court noted that although that case involved a longer period of time between convictions than Chavez-Suarez, the underlying conviction was also more serious. Id. at 978.

These cases are instructive. Mr. Nuñez-Rosas was arrested approximately 14 years after being released from prison. Mr. Nuñez-Rosas's prior conviction for distribution of methamphetamine is a serious drug conviction. The district court clearly considered these factors when it emphasized that "the prior conviction, though it may be old, it is for a very serious offense." Additionally, this court has "consistently observed that reentry of an ex-felon is a serious offense," and that serious underlying convictions can demonstrate recklessness even if the current offense does not. United States v. Martinez-Barragan, 545 F.3d 894, 905 (10th Cir. 2008). Thus, this court will "defer to the district court's judgment as long as it falls within the realm of rationally available choices." United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

4