**UNITED STATES COURT OF APPEALS**

**TENCH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GERARDO RODRIGUEZ-GARCIA,

Defendant - Appellant.

No. 11-2005
(D.C. No. 2:10-CR-00448-WJ-1)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Gerardo Rodriguez-Garcia pled guilty, without a plea agreement, to illegally

entering the United States after removal in violation of 8 U.S.C. § 1326. A 20-year-old

conviction for attempted burglary prior to his removal triggered a 16-level increase in his

offense level under USSG §2L1.2(b)(1)(A)(ii).[1] The district court sentenced him to a

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

[1] Rodriguez-Garcia was sentenced under the 2009 edition of the United States
Sentencing Commission Guidelines Manual, which we reference except where otherwise
indicated.

within-guidelines sentence of imprisonment for 66 months. The U.S. Sentencing Commission subsequently amended the guideline to reflect only a 12-level increase in offense level. He now contends the sentence imposed is unreasonable, particularly in light of the guideline amendment. He also filed a motion requesting a remand to enable the district court to reconsider the sentence in light of the change to the guideline. We affirm the sentence and deny the motion.

## I. BACKGROUND

On or about October 29, 2009, Border Patrol agents arrested Rodriguez-Garcia in New Mexico, and charged him with illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326. After the district court accepted his guilty plea, it ordered a presentence investigation.

The amended Presentence Investigation Report (PSR) applied USSG §2L1.2(a) to set Rodriguez-Garcia's base offense level for illegally reentering the United States at eight. The PSR counted a 1989 conviction for attempted burglary under Arizona law as a crime of violence under USSG §2L1.2(b)(1)(A), and added 16 levels accordingly. The PSR also deducted three levels for acceptance of responsibility. *See* USSG §3E1.1. This resulted in a total offense level of 21. Since his criminal history placed him in category IV, the appropriate guidelines sentence was 57-71 months.

Rodriguez-Garcia argued for a downward variance based on the age of the burglary conviction. The court concluded a variance would be inappropriate in light of his extensive criminal record, and sentenced him to 66 months.

After the sentence was imposed, the Sentencing Commission amended

§2L1.2(b)(1)(A), but did not make the amendment retroactive. USSG App. C, Amendment 754 (Nov. 2011). Under the amended guideline, when a crime of violence is too old to score criminal history points, as Rodriguez-Garcia's 1989 burglary conviction was, it now results in only a 12-level increase in the offense level. *Id.*

## II. DISCUSSION

Rodriguez-Garcia contends the district court abused its discretion by imposing a 66-month sentence because the attempted burglary conviction was too old to justify the 16-level increase in his offense level. He argues the abuse of discretion is particularly troubling in light of the Sentencing Commission's recent amendment to §2L1.2(b)(1)(A). He acknowledges the Commission chose not to apply the amendment retroactively, however, and does not argue he is entitled to be resentenced under the new guideline. Rather, as he explains, the amendment to the guideline reflects an emerging view of the reasonableness of sentences under §2L1.2(b)(1)(A) when the predicate conviction is old, and we should consider this emerging view in determining the substantive reasonableness of his sentence.

Rodriguez-Garcia's argument is a challenge to the substantive reasonableness of the sentence imposed. *See United States v. Chavez-Suarez,* 597 F.3d 1137, 1138 (10th Cir.) *cert. denied* 131 S. Ct. 286 (2010); *United States v. Amezcua-Vasquez,* 567 F.3d 1050, 1053 (9th Cir. 2009). We review the substantive reasonableness of sentences for an abuse of discretion. *United States v. Middagh*, 594 F.3d 1291, 1294 (10th Cir. 2010). The district court abuses its discretion when it pronounces a sentence that is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Muñoz–Nava*, 524

F.3d 1137, 1146 (10th Cir. 2008) (quotations omitted).

Our substantive reasonableness review focuses on the district court's application of the factors in 18 U.S.C. § 3553(a). *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quotations omitted). And, in our review, we are not permitted to second-guess the weight the sentencing court assigned to the § 3553(a) factors. *See United States v. Lewis*, 625 F.3d 1224, 1233 (10th Cir.) *cert. denied* 131 S. Ct. 1790 (2011).

A.      Substantive Reasonableness

Under the version of the sentencing guidelines in effect at the time Rodriguez-Garcia was sentenced, the offense level for illegal reentry is increased by 16 levels "if the defendant previously was deported, or unlawfully remained in the United States after . . . a crime of violence . . . ." USSG § 2L1.2(a)(1)(B). As we have previously noted, this increase emphasizes one § 3553(a) factor – the "seriousness of the offense" – at the expense of the others. *See Chavez-Suarez*, 597 F.3d at 1138; *see also Amezcua-Vasquez*, 567 F.3d at 1055; 18 U.S.C. § 3553(a)(2). When the other factors militate toward a milder sentence, the full 16-level increase in the offense level can result in a sentence that is greater than necessary. *Chavez-Suarez*, 597 F.3d at 1138; *see also Amezcua-Vasquez*, 567 F.3d at 1055-58 (concluding district court unreasonably refused to grant a downward variance when the conviction was "too old to score under the Guidelines' criminal history provisions" and defendant had no subsequent record of "harming others or committing other crimes listed in [§]2L1.2."). Yet when those other factors likewise militate toward a more significant sentence, the district court may reasonably decline to give defendant a

downward variance. *See Chavez-Suarez*, 597 F.3d at 1139.

Here, our analysis confirms the reasonableness of the district court's sentence under the § 3553(a) factors.[2] Rodriguez-Garcia was convicted not only on the 1989 attempted burglary, but two other burglaries. After serving a two-year sentence for his first burglary, he committed another burglary in 1991. He served a short jail term, and was remanded to custody for two years further imprisonment after his probation was revoked. Apparently, while out on probation in 1993, he committed yet another burglary. He was deported to Mexico in 1999, but returned illegally. He was convicted of illegal entry, and deported again in 2009. Now he has illegally reentered the United States once more. His record also includes both an arrest for another illegal entry and an outstanding bench warrant for "driving under the influence of alcohol or drugs." (R. Vol. III at 36.) He has had other convictions and arrests, but we need not continue. Rodriguez-Garcia is a recidivist and lesser sanctions have failed to deter him from a criminal career. The court reasonably concluded: "[B]ased on this substantial criminal history and history and characteristics of this defendant, I do not find a downward [variance] to be warranted and will deny that request." (R. Vol. III at 36.)

---

[2] Although the district court sentenced Rodriguez-Garcia to a term within the guidelines' range, and we would ordinarily presume the sentence to be reasonable, *see United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006), we need not resort to the presumption to conclude his sentence was reasonable. Generally, the presumption is appropriate because, when the sentencing court passes a within-guidelines sentence, the sentencing court and the Sentencing Commission have reached the same conclusion about the appropriate sentence. *See Rita v. United States*, 551 U.S. 338, 347-48 (2007). Because we do not apply the presumption, we need not consider his contention that the amendment to §2L1.2(b)(1)(A) undercuts the rationale for the presumption.

Rodriguez-Garcia's criminal history implicates the need for additional deterrence and the protection of the public.  *See* 18 U.S.C. § 3553(a)(2)(B)-(C).  The court reasonably applied the § 3553(a) factors in this case, and reasonably concluded the age of the 1989 burglary conviction did not warrant a downward variance.  The district court did not abuse its discretion.

B.    Motion for Resentencing

In a separate motion, Rodriguez-Garcia also urges us to remand his case for resentencing so the district court can have the opportunity to consider whether the emerging view represented by the Sentencing Commission's amendment to §2L1.2(b)(1)(A) would alter its § 3553(a) analysis.  He cites a First Circuit case, *United States v. Godin,* for the proposition that resentencing is appropriate when a non-retroactive change to a sentencing guideline "might alter the district court's ultimate choice of a discretionary sentence." 522 F.3d 133, 135-36 (1st Cir. 2008).[3]  This is beyond our authority.

Our authority to order resentencing is limited to situations where the district court abused its discretion by imposing an unreasonable sentence.  *Amezcua-Vasquez*, 567 F.3d at 1053; *see also United States v. Vasquez-Alcarez,* 647 F.3d 973, 979 (10th Cir. 2011) (noting federal courts are "forbidden, as a general matter, to modify a sentence once it has been imposed") (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2689-90

---

[3] The majority of circuits reject this view.  *See United States v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009) (noting the 5th, 7th, 9th, and 11th circuits do not permit a sentence to be reopened after a non-retroactive amendment to the guidelines).

(2011)).  Since Rodriguez-Garcia's sentence was reasonable, we cannot order resentencing.

Even if we could, we would decline to do so for two reasons.  First, a remand for resentencing would "interfer[e] with the Sentencing Commission's prerogative of determining whether to make a particular amendment to the guidelines retroactive."  *See United States v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009).  The Sentencing Commission decides whether guideline amendments will apply retroactively, *see* USSG §1B1.10, and district courts are authorized to facilitate any retroactive changes.  *See* 18 U.S.C. § 3582(c)(2).  Implicit in the Sentencing Commission's decision to change §2L1.2(b)(1)(A) without making the change retroactive is its judgment that sentences rendered under the earlier version remain reasonable enough that they need not be reconsidered despite the emerging view.

Second, by January 6, 2011, when Rodriguez-Garcia was sentenced, the applicable case law made the district court aware of the emerging view.[4]  We expressed our concern about how §2L1.2(b)(1)(A) fails to differentiate between recent and old convictions in 2010.  *Chavez-Suarez*, 597 F.3d at 1138.  The Ninth Circuit did so in 2009.  *Amezcua-Vasquez*, 567 F.3d at 1050.  And we have noted an analogous problem in the way §2L1.2(b) treats convictions for offenses that are "relatively benign in comparison to

[4] The Sentencing Commission proposed the amendments to the guidelines on January 19, 2011, based in part on its concern about our holding in *Chavez-Suarez*.  *See* Sentencing Guidelines for United States Courts, 76 Fed. Reg. 3193, 3194, 3207 (Jan. 19, 2011).  Thus, we realize neither Rodriguez-Garcia nor the district court was aware, at the time of sentencing, that the Commission was considering a change to USSG §2L1.2(b)(1)(A) to address the relative treatment of recent and old prior convictions.

other offenses triggering the same enhancement." *See Chavez-Suarez*, 597 F.3d at 1138-39 (collecting cases). We agree the former §2L1.2(b)(1)(A)'s flat 16-level enhancement for any crime of violence was, under some circumstances, too blunt a tool to meet the objectives of § 3553(a). Nevertheless, the applicable precedents amply advised the district court about this emerging view (and the need to more carefully apply the § 3553(a) factors in pronouncing such sentences) even before the Sentencing Commission proposed its amendment to §2L1.2(b)(1)(A).

C.      Previous Conviction for a Crime of Violence

Finally, we reject Rodriguez-Garcia's contention that attempted second-degree burglary under Arizona law is not a crime of violence which triggers the 16-level enhancement in §2L1.2(b)(1)(A). He concedes we have held a violation of Arizona's second-degree burglary statute to be a crime of violence under §2L1.2, but presses the argument to preserve it for further review. *See United States v. Rivera-Oros*, 590 F.3d 1123, 1133-34 (10th Cir. 2009); *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.").

The district court's sentence is AFFIRMED. Rodriguez-Garcia's motion to vacate his sentence and remand his case for resentencing is DENIED.

**Entered by the Court:**

Terrence L. O'Brien
United States Circuit Judge

- 8 -