**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff – Appellee,

v.

ALVARO PEREZ-ESTRADA, also
known as Antonio Perez-Quintero,

  Defendant – Appellant.

No. 14-1278
(D.C. No. 1:14-CR-00025-PAB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and Appellant, Alvaro Perez-Estrada, appeals the sentence

imposed following his plea of guilty to illegal reentry after a prior deportation

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). After determining that his sentence is substantively reasonable, we affirm.

## BACKGROUND

Mr. Perez-Estrada, a citizen of Mexico, first entered the United States illegally when he was nineteen years old. At the age of twenty-six, Mr. Perez-Estrada was arrested in Utah after an undercover officer asked Mr. Perez-Estrada to obtain him cocaine. He pled guilty to the felony offense of "attempted distribute/offer/arrange to distribute controlled substance" in violation of Utah Ann. Code § 58-37-8(a)(a)(ii). Presentence Report ("PSR") at ¶ 8; R. Vol. 2 at 6. Mr. Perez-Estrada was sentenced to thirty days in jail, followed by three years of probation. In March 2000, following his thirty-day jail sentence, Mr. Perez-Estrada was removed to Mexico.

Beginning in 2008, Mr. Perez-Estrada was found illegally in the United States and removed to Mexico four more times. The last removal occurred in August 2012.

In August 2013, Mr. Perez-Estrada was stopped by the police in Colorado after an informant bought drugs from an individual to whom Mr. Perez-Estrada had given a ride. After he gave police officers a false identification card, Mr. Perez-Estrada was charged with and convicted of felony criminal impersonation. He was sentenced to ninety days in jail. While Mr. Perez-Estrada was in jail,

immigration officials determined that he was in the United States illegally. He was accordingly charged with the instant offense of illegal reentry following a prior removal after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Mr. Perez-Estrada pled guilty. In exchange for that guilty plea, the government agreed to recommend the maximum credit for acceptance of responsibility and to recommend a sentence within the advisory sentencing range provided by the United States Sentencing Commission, Guidelines Manual ("USSG").

In preparation for sentencing, the United States Probation Office prepared a PSR, which assessed a base offense level of 8, with an 8-level increase for the 2000 felony drug conviction, for a total offense level of 16. With a 3-level decrease for acceptance of responsibility, the adjusted offense level was 13. With a criminal history category of II, the advisory Guidelines sentencing range was fifteen to twenty-one months.

Mr. Perez-Estrada moved for a variance from the fifteen-month low end of the advisory range. He argued for an eight-month sentence on the ground that the prior drug conviction, which had doubled his offense level from eight to sixteen, was more than fourteen years old.

The district court denied the motion, determining that no variance was warranted in the circumstances of Mr. Perez-Estrada's case, including the fact

that he had illegally reentered the United States many times. The court sentenced Mr. Perez-Estrada to fifteen months, the low end of the Guidelines range. This appeal followed.

## DISCUSSION

Mr. Perez-Estrada argues that his fifteen-month sentence is substantively unreasonable because the prior conviction which doubled his offense level was, at fourteen years old, stale. We disagree.

"'When evaluating the substantive reasonableness of a sentence, we afford substantial deference to the district court, and determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011) (quoting United States v. Alvarez-Bernabe, 626 F.3d 1161, 1167 (10th Cir. 2010)). If the sentence is within the correctly calculated guideline range, it "is entitled to a rebuttable presumption of reasonableness on appeal." Id. (internal quotation marks omitted). "This is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). Indeed, we, as an appellate court, do not second guess "the weight a district court assigns to various § 3553(a) factors" or "its ultimate assessment of the balance between them." United States v. Smart, 518 F.3d 800,

808 (10th Cir. 2008). Rather, "as long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." United States v. Sells, 541 F.3d 1227, 1239 (10th Cir. 2008).

Mr. Perez-Estrada argues that the presumption of reasonableness is, in practice, not really rebuttable. He argues that his prior drug conviction, which doubled his offense level, is fourteen years old and therefore stale. He argues we "shouldn't disregard the staleness of [his] offense-level-doubling prior conviction." Appellant's Br. at 7. The district court's failure to disregard that prior conviction, he argues, amounts to an abuse of discretion rendering his sentence substantively unreasonable.

Mr. Perez-Estrada correctly observes that we have previously stated that "the staleness of an underlying conviction may, in certain instances, warrant a below-Guidelines sentence." United States v. Chavez-Suarez, 597 F.3d 1137, 1138 (10th Cir. 2010). The district court was quite aware of the length of time since Mr. Perez-Estrada's prior conviction:

> Here, obviously, we have something that did happen quite some time ago. It wasn't quite a 20-year type of situation, but it was a long time ago. And because I am not going to infer that the defendant had anything to do with drug dealing after the most recent arrest and conviction, he essentially hasn't had any such crime . . . in his past.

He has had, however, as the Presentence Investigation Report notes towards the beginning of it a number of deportations. Paragraph 8 indicates that he was most recently removed August 8 of 2012. He was also removed March 30th of 2000, January 10 of 2008, January 14 of 2008 and September 24 of 2009. He spent quite a bit of time in the United States as the Presentence Report also notes.

I find that that immigration history is relevant when considering the staleness, particularly given this particular type of crime; namely, it's an immigration crime. And for that reason I don't find that the conviction from Utah is stale within the meaning of cases that have considered that. And therefore, I don't believe that the motion for a variant sentence based upon staleness is well-founded. And for that reason I am going to deny the motion for a variant sentence.

Tr. of Sentencing Hr'g at 12; R. Vol. 3 at 15.[1] The district court clearly was concerned not only with the fourteen-year old prior conviction; it was also concerned with the many immigration violations committed by Mr. Perez-Estrada since that prior conviction. We stated in a case involving a related Guidelines provision addressing the sixteen-level increase for illegal re-entrants with certain prior convictions, "[w]hen the other factors militate toward a milder sentence, the full 16-level increase in the offense level can result in a sentence that is greater than necessary. Yet when those other factors likewise militate toward a more significant sentence, the district court may reasonably decline to give [the] defendant a downward variance." United States v. Rodriguez-Garcia, 459 Fed.

---

[1]The PSR states that two of Mr. Perez-Estrada's removals occurred in January of 2008.

Appx. 754, 757-58 (10th Cir. 2012) (unpublished).[2]  As the district court made clear, the totality of Mr. Perez-Estrada's circumstances, not just the single older conviction, influenced the court's decision not to grant the motion for a downward variance.  The court's sentencing decision comports with our sentencing requirements and is substantively reasonable.

## CONCLUSION

In sum, the district court did not abuse its discretion in selecting the sentence it did.  Mr. Perez-Estrada has failed to rebut the presumption of reasonableness attached to that sentence.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2]While we do not ordinarily cite unpublished decisions, because they are not binding precedent in this circuit, we cite this case because it states well-established law with which we agree.