**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANDRES GARCIA-DAMIAN, a/k/a
Damian Andres Garcia,

    Defendant - Appellant.

No. 16-2250
(D.C. No. 2:15-CR-00123-KG-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.
_____

Andres Garcia-Damian appeals his 46-month sentence for illegal reentry.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

**I**

Garcia-Damian is a Mexican citizen. On March 25, 2015, he pled guilty to one

count of illegal reentry after removal in violation of 8 U.S.C. § 1326. Prior to his

removal, Garcia-Damian lived in Texas for approximately eleven years. In August

2012, he pled guilty to a domestic violence assault charge involving his wife, for

which he received a 45-day sentence. And in November 2013, he pled guilty to one

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

count of Indecency With a Child – Sexual Contact, which is a second degree felony in Texas. He received a deferred sentence of six years' probation. This conviction stemmed from approximately eight instances of Garcia-Damian asking his eight-year-old stepdaughter to sit on his lap and rubbing her private area with his hand over her clothes. As a result of this conviction, Garcia-Damian was removed to Mexico in June 2014. Four months later he was apprehended in New Mexico, leading to the current illegal reentry charge.

Applying the 2014 version of the Sentencing Guidelines, a Presentence Investigation Report ("PSR") calculated Garcia-Damian's total offense level at 21, with a criminal history category of III, for an advisory Guidelines range of 46-57 months' imprisonment. The total offense level was calculated using a base offense level of eight, a sixteen-level enhancement for removal following a felony conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014), and a three-level reduction for acceptance of responsibility. Garcia-Damian's criminal history category was based on his prior assault and indecency charges, and the fact that he committed the illegal reentry offense while on probation. See § 4A1.1(c), (d) (2014). The PSR recommended a within-Guidelines sentence.

Garcia-Damian moved for a downward variance on the grounds that his wife and stepdaughter, who were the victims of his prior crimes, supported him. He also filed an objection to the PSR's sixteen-level enhancement, arguing that it should not apply because his indecency offense did not qualify as a "crime of violence" under the applicable Guideline.

2

At sentencing, the district court denied Garcia-Damian's requested variance after considering the motion, counsels' statements at the hearing, and two letters of support written by his wife and stepdaughter. The court concluded that it was "not inclined to grant a variance based on that motion or any other basis that you might have in mind." However, it continued the hearing to allow further briefing on the PSR objection. At the continued hearing, the district court heard oral argument from both parties and an allocution statement from Garcia-Damian. It then overruled Garcia-Damian's objection to the PSR and imposed a 46-month sentence, stating:

> I'm finding that the [indecency] conviction in the defendant's [PSR], . . . and the 16-level enhancement . . . are appropriate and applicable in this particular case as a crime of violence, so the objection is overruled.
>
> I reviewed the entirety of the [PSR] as well as the factual findings, all of . . . Mr. Garcia's criminal history, I've considered the sentencing guideline applications and the factors in 18 United States Code Section 3553(a)(1) through (7).
>
> The offense level is 21, the criminal history category is III, the range is 46 to 57 months.
>
> I note that the defendant, Mr. Garcia, reentered the United States unlawfully after he had been deported, and that was after being convicted of a felony crime of violence.

Garcia-Damian now appeals both the procedural and substantive reasonableness of his sentence.[1]

---

[1] Garcia-Damian's original counsel failed to file an appeal. In a subsequent 28 U.S.C. § 2255 proceeding, the district court determined that counsel was ineffective for failing to consult with Garcia-Damian about his desire to appeal. Consequently, final judgment was vacated and re-entered to permit the timely filing of this direct appeal.

**II**

On appeal, Garcia-Damian asserts a series of procedural reasonableness challenges that he did not raise before the district court. Accordingly, we review for plain error and will reverse only if there is "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Romero, 491 F.3d 1173, 1176-78 (10th Cir. 2007). A district court commits procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007).

Garcia-Damian argues that the district court failed to adequately explain its sentence and its rejection of his motion for a downward variance. When imposing a within-Guidelines sentence, a court must state "the reasons for its imposition of the particular sentence." § 3553(c). However, our circuit has repeatedly stated that § 3553(c) requires only that a district court provide "a general statement noting the appropriate guideline range and how it was calculated." United States v. Ruiz-Terrazas, 477 F.3d 1196, 1202 (10th Cir. 2007) (quotations omitted). "[T]his general statement need involve no ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to prove that it considered the various [§ 3553(a)] factors . . . ." Id. (quotations omitted).

In Ruiz-Terrazas, we reviewed the rejection of a downward variance motion and a sentencing explanation that is almost identical to that provided by the district court below. We concluded "the district court committed no error at all." Id. at 1199. Thus, although we agree that "a more detailed sentencing explanation can often prove beneficial, even if it is not mandatory," id. at 1202, in light of the substantially similar explanation deemed sufficient in Ruiz-Terrazas, we cannot say that any error the district court might have committed in this case was plain.[2]

Garcia-Damian also argues that the district court erroneously presumed the applicable Guidelines range was reasonable. Unlike appellate courts, district courts "do[] not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Rita v United States, 551 U.S. 338, 351 (2007). However, Garcia-Damian has failed to show that the district court committed such an error. The court never expressly applied such a presumption, and Garcia-Damian has not identified a case in which this court found reversible error without an express application. See, e.g.,

---

[2] None of the cases Garcia-Damian references affect this conclusion. First, United States v. Brown, 654 F. App'x 896 (10th Cir. 2016) (unpublished), involved an outside-Guidelines sentence and is thus inapposite. See United States v. Fraser, 647 F.3d 1242, 1246 (10th Cir. 2011) (noting sentencing court's explanatory obligation differs for outside-Guidelines sentences). Second, because we concluded that the sentencing explanation in United States v. McComb, 519 F.3d 1049 (10th Cir. 2007), "met[] and exceeded" the legal requirement, id. at 1055, that case does not purport to set the floor for a legally sufficient sentencing explanation, id. at 1056 ("[W]e have upheld sentences that have done far less to address a defendant's request for a different sentence."). Finally, in United States v. Sanchez-Juarez, 446 F.3d 1109 (10th Cir. 2006), we remanded because the district court did not mention the § 3553(a) factors and the record provided "no indication" that it had considered them. Id. at 1116. In contrast, the district court in this case entertained Garcia-Damian's variance motion and oral argument from both parties about the § 3553(a) factors, and it stated that it had considered the factors before imposing a final sentence.

United States v. Conlan, 500 F.3d 1167, 1168-69 (10th Cir. 2007) (district court noted "the presumption of reasonableness of the guidelines" at sentencing). "[A]bsent some indication in the record suggesting otherwise," we presume that sentencing courts "know the law and apply it in making their decisions." Ruiz-Terrazas, 477 F.3d at 1201 (quotations omitted).

Finally, Garcia-Damian asserts that the district court committed error by failing to apply § 4A1.3(b)(1) of the Guidelines, which allows for a downward departure if the defendant's "criminal history category substantially over-represents the seriousness of the defendant's criminal history" or likelihood of recidivism. However, Garcia-Damian did not move for a downward departure on this basis, and he provides no case law to support the proposition that a district court commits procedural error by failing to grant an unrequested discretionary departure. Accordingly, we discern no plain error. See United States v. Sierra-Castillo, 405 F.3d 932, 938 (10th Cir. 2005) ("The defendant has the burden of proving entitlement to a downward departure.").

### III

We next review the substantive reasonableness of Garcia-Damian's sentence. "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotation omitted). We review the substantive reasonableness of "all sentences—whether inside, just outside, or significantly outside the Guidelines

6

range—under a deferential abuse-of-discretion standard." Gall, 552 U.S. at 41. A within-Guidelines sentence is presumptively reasonable. Gambino-Zavala, 539 F.3d at 1232. We will "deem a sentence unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable," United States v. Gant, 679 F.3d 1240, 1249 (10th Cir. 2012) (quotation omitted), and "we will reverse a determination only if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand," McComb, 519 F.3d at 1053 (quotation omitted).

Garcia-Damian's substantive reasonableness challenge is two-fold: he contends that the district court failed to accord proper weight to mitigating § 3553(a) factors, and that subsequent amendments to the Guidelines demonstrate the unreasonable severity of his sentence. Regarding the § 3553(a) factors, Garcia-Damian argues that a below-Guidelines sentence was warranted due to his minimal criminal history, significant ties to the United States, family support, and cultural assimilation, and because the facts of his prior convictions are "not as serious" as other violent offenses. But under our deferential standard of reasonableness review, mere disagreement with the manner in which the district court weighed the § 3553(a) factors is not enough to reverse a sentence. Gall, 552 U.S. at 51. "Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the [sentence]." United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008) (quotation omitted). We do not perceive any abuse of discretion in the district court's weighing of these factors.

7

We are sympathetic to Garcia-Damian's argument that his sentence is unduly harsh, as demonstrated by subsequent Guideline amendments lowering his applicable range to 10-16 months. However, he does not assert that these amendments have been made retroactive by the Sentencing Commission or offer any other argument that would permit us to find substantive unreasonableness based solely on non-retroactive amendments.[3] Our circuit has cast doubt on the notion that such amendments warrant resentencing. See Vasquez-Alcarez, 647 F.3d at 979 (rejecting argument that a proposed—but not yet adopted—amendment can be used to find substantive unreasonableness, and noting that, even if adopted, the amendment "would not apply retroactively unless the Commission says it does"). At least one unpublished opinion has explicitly rejected defendant's argument. United States v. Rodriguez-Garcia, 459 F. App'x 754, 757-58 (10th Cir. 2012) (unpublished) (concluding it is "beyond our authority" to remand based on non-retroactive Guideline amendment, and observing that the court would decline to do so even if permissible because such remand would interfere with the "Sentencing Commission's prerogative" of determining retroactivity (quotation omitted)). Accordingly, we cannot conclude that Garcia-Damian's sentence was substantively unreasonable due to the Guideline amendments.

---

[3] In a "sharply criticized" opinion, United States v. Vasquez-Alcarez, 647 F.3d 973, 980 (10th Cir. 2011), the First Circuit has suggested resentencing may be appropriate in this situation. See United States v. Godin, 522 F.3d 133, 136 (1st Cir. 2008). Because Garcia-Damian does not cite Godin or argue for adoption of its analysis, we offer no views as to the validity of its approach.

**IV**

For the foregoing reasons, the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge