**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARIS FRANSIS RIOS-FLORES,

    Defendant - Appellant.

No. 24-2010
(D.C. No. 2:23-CR-00838-MIS-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **ROSSMAN**, **KELLY**, and **MURPHY**, Circuit Judges.[**]
_____

Defendant-Appellant, Aris Fransis Rios-Flores, was convicted of reentry of a

removed alien, 8 U.S.C. § 1326(a) & (b), upon a guilty plea and was sentenced to 60

months' imprisonment.  On appeal, Mr. Rios-Flores argues that the district court (1)

procedurally erred by imposing its above-Guideline sentence without an adequate

explanation and based on an erroneous factual finding, and (2) abused its discretion

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

by imposing a substantively unreasonable sentence.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## Background

The parties are familiar with the facts, and we need not restate all of them here.  Briefly, Mr. Rios-Flores came to the United States from El Salvador in 2003, and remained here until he was deported in 2022.  III R. 34.  On May 8, 2023, border patrol found Mr. Rios-Flores near the New Mexico border, and Mr. Rios-Flores admitted that he was in the United States without authorization.  II R. 11.  According to Mr. Rios-Flores, he reentered the United States to support his family and to help care for one of his children who suffers from medical problems.  III R. 39–40.  A records check conducted after his reentry revealed that, in 2021, Mr. Rios-Flores pled guilty in Texas state court to injury to a child with intent of bodily injury and was sentenced to five years deferred probation.  II R. 11.  The Presentence Report ("PSR") indicates that the allegations underlying that conviction were that Mr. Rios-Flores, while intoxicated, attempted to rape his then-eight-year-old daughter.  Id. at 13–14.  According to the daughter, Mr. Rios-Flores touched her vaginal area and she felt his penis there.  Id. at 13.  She rolled out of bed and nothing further happened.  Id.  Mr. Rios-Flores denied the allegations, claiming that the daughter fabricated them to get out of trouble for watching pornography.  Id. at 14.  Mr. Rios-Flores's counsel filed no objections to the PSR and twice indicated that the defense had no objections or corrections to it.  Id. at 22; Supp. R. 6; III R. 33.

2

The PSR recommended a base offense level of 8 and a four-level enhancement to account for Mr. Rios-Flores's prior felony conviction for injury to a child. II R. 12. The total offense level was 10, and, with a criminal history category of I, the Guidelines range was 6 to 12 months. Id. at 12, 20. Along the way, the district court rejected two Rule 11(c)(1)(C) plea agreements: the first with a sentence within the Guidelines range and the second with a 24-month maximum. Supp. R. 12, 23. Ultimately, Mr. Rios-Flores was sentenced to 60 months' imprisonment.[1] III R. 48.

At the various hearings, the district court questioned Mr. Rios-Flores about his prior conviction for injury to a child, expressing concern about the underlying allegations. Supp. R. 9–10, 21–23; III R. 35–36. Mr. Rios-Flores maintained that he never attempted to rape his daughter, and that his guilty plea was the result of improper immigration advice.[2] Supp. R. 9–10, 21–23; III R. 35–36.

After considering the Sentencing Guidelines and the § 3553(a) factors, the district court varied upward from the Guidelines range and sentenced Mr. Rios-Flores. III R. 48. In its statement of reasons, the court highlighted its concern for the attempted rape allegations underlying Mr. Rios-Flores's prior conviction. II R. 26. The court also found the variance warranted because Mr. Rios-Flores returned to the United States nine months after his initial deportation while he was still on probation

---

[1] The statutory maximum term of imprisonment for Mr. Rios-Flores's conviction was 10 years. II R. 16.

[2] A writ of habeas corpus was filed seeking to overturn Mr. Rios-Flores's state conviction on the grounds that he received improper immigration advice. III R. 35–36.

for his state conviction for which he received a lenient sentence.  Id. at 27.

Accordingly, it found the variance necessary to reflect the seriousness of the conduct,

promote respect for the law, and to provide just punishment.  Id.

## Discussion

Our review is for an abuse of discretion.  United States v. Haley, 529 F.3d 1308,

1311 (10th Cir. 2008).  Mr. Rios-Flores argues that his sentence is both procedurally

and substantively unreasonable.  Aplt. Br. at 23, 40.

### A. Mr. Rios-Flores's Sentence is Procedurally Reasonable.

"A sentence is procedurally unreasonable if the district court . . . relies on clearly

erroneous facts, or inadequately explains the sentence."  Haley, 529 F.3d at 1311.

Mr. Rios-Flores first argues that the district court failed to adequately explain why an

upward variance was necessary to serve sentencing purposes.  Aplt. Br. at 34.  He

also argues that the district court relied on an erroneous finding regarding Mr. Rios-

Flores's prior conviction.  Aplt. Br. at 34.  We are not persuaded by either assertion.

First, with respect to inadequate explanation, Mr. Rios-Flores argues that his

criminal history category — and thus the Guidelines range — already accounts for

his prior convictions, and that the district court failed to use the Guidelines as a

starting point or otherwise explain why the upward variance was necessary to achieve

sentencing goals.  Aplt Br. at 25, 31, 33.  We disagree.

On the threshold issue of preservation, we find that Mr. Rios-Flores preserved this

argument by "alert[ing] the district court to the issue and seek[ing] a ruling," given

that he objected at sentencing on the grounds that "the [c]ourt did not keep the Guideline range in mind throughout sentencing." GeoMetWatch Corp. v. Behunin, 38 F.4th 1183, 1206 (10th Cir. 2022); III R. 54. The district court's explanation, however, was adequate. The now-advisory Guidelines are a starting point for a sentence and a district court must explain is reasoning for imposing a sentence outside of the Guidelines. Rita v. United States, 551 U.S. 338, 357 (2007); Kimbrough v. United States, 552 U.S. 85, 108–09 (2007). But the explanation requirement does not require the district court "to recite any magic words to prove that it considered the various [§ 3553(a)] factors." United States v. Garcia-Damian, 702 F. App'x 743, 746 (10th Cir. 2017) (quotations omitted).[3] Rather, the question is whether the district court "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita, 551 U.S. at 356. This standard reflects the fact that district courts have "broad discretion" in fashioning a sentence. United States v. Barnes, 890 F.3d 910, 921 (10th Cir. 2018) (quotations omitted).

For example, we have affirmed significant upward variances where the district court considers the § 3553(a) factors but concludes that the facts of the case warrant an upward variance. See United States v. Pinson, 542 F.3d 822, 828, 835 (10th Cir. 2008) (affirming an above-Guidelines sentence where there was "no ambiguity in the

---

[3] Although not precedential, we find the reasoning of this case and other unpublished dispositions cited in this order and judgment to be instructive. See 10th Cir. R. 32.1; Fed. R. App. 32.1.

district court's reasoning for varying upward"); United States v. Ortiz-Lazaro, 884 F.3d 1259, 1263 (10th Cir. 2018) (affirming an above-Guidelines sentence where the district court "specifically mentioned" the defendant's inability to follow supervised release terms, his disrespect for immigration laws, and the need to protect the public from his conduct). On the other hand, we have found inadequate explanation where it is unclear "which . . . facts the district judge actually relied on in varying downward, or how [those] facts relate to the § 3553(a) factors" such that we could not "meaningfully review the district court's decision on the record before us." United States v. Brown, 654 F. App'x 896, 915 (10th Cir. 2016) (emphasis in original).

Here, the district court stated that it was considering the Guidelines, the § 3553(a) factors, and the parties' arguments. III R. 48–53. The district court recited the facts and circumstances of Mr. Rios-Flores's case, both favorable and unfavorable, and tethered its upward variance to the specific § 3553(a) factors. With respect to the "need for the sentence to . . . promote respect for the law," the court stated that it intends to do so by "upward varying and providing just punishment for the offense, which [] is serious because of the defendant's serious prior conviction and the fact that he returned so quickly to the United States; and a return to the United States while still on deferred probation for his State crime against a child." Id. at 51. The court considered that Mr. Rios-Flores's "lenient" sentence for his state conviction was insufficient to deter him from returning to the United States, such that its sentence was reflecting the "need to afford adequate deterrence from criminal

6

conduct." Id. And the court considered the "need to protect the public from further crimes of [Mr. Rios-Flores]," given that he "has shown he will injure a child" and shown that "he does not respect the law of the United States." Id. at 52.

The district court's holistic analysis satisfies us that it had "a reasoned basis for exercising [its] own legal decisionmaking authority." Rita, 551 U.S. at 356. Unlike Brown, the district court in this case sufficiently tied the rationale for Mr. Rios-Flores's sentence to the various § 3553(a) factors. 654 F. App'x at 915. Indeed, similar to Pinson, the district court's explanation shows a consideration of the § 3553(a) factors as they relate to the particular facts of Mr. Rios-Flores's case. 542 F.3d at 834–35. The court's explanation was therefore adequate.

Second, Mr. Rios-Flores argues that the district court committed procedural error by relying on an erroneous fact at sentencing: that he attempted to rape his daughter. Aplt. Br. at 34, 39–40. Again, we disagree. A clearly erroneous fact is one which "is simply not plausible or permissible in light of the entire record on appeal[.]" United States v. McClatchey, 316 F.3d 1122, 1128 (10th Cir. 2003) (quotations omitted). Of course, "[a]t sentencing, the court [] may accept any undisputed portion of the presentence report as a finding of fact[.]" United States v. McDonald, 43 F.4th 1090, 1095 (10th Cir. 2022) (quoting Fed. R. Crim. P. 32(i)(3)).

In United States v. Martinez-Palomino, we rejected an argument that the district court based the defendant's sentence on an erroneous factual finding. 775 F. App'x 423, 428 (10th Cir. 2019). There, the defendant argued that the district court imposed an upward variance based on its judgment that the defendant likely illegally

7

reentered the United States years before he was arrested even though both parties "informed the court that there was no evidence of earlier re-entry." Id. However, even though the district court "expressed doubts about Defendant's candor" regarding his reentry, "the court made no finding on when that entry occurred, and it said nothing to indicate that his sentence depended in any way on when that entry was." Id. Despite the district court's doubts about the defendant's account of his reentry, it "ultimately justified an increase in the sentence" on § 3353(a) factors such as the need for deterrence." Id. at 429.

Similarly, the district court here was concerned about Mr. Rios-Flores's prior state conviction given the underlying allegations which led to the plea in that case. The record indicates that the court "expressed doubts about [his] candor" about that conviction. See id. at 428; III R. 47 (questioning whether there was "some other allegation" other than attempted rape underlying Mr. Rios-Flores's prior conviction). But the district court did not find that Mr. Rios-Flores attempted to rape his daughter, and it "ultimately justified an increase in the sentence" on all of the § 3553(a) factors it considered within the context of the facts of Mr. Rios-Flores's case. Martinez-Palomino, 775 F. App'x at 429; III R. 48–54. The court even stated that it was "considering that defendant's conviction is for injury to a child," and was "not considering the underlying facts that he contests[.]" III R. 56. Recall that Mr. Rios-Flores made no objection to the PSR, meaning that the district court was permitted to consider those unobjected to portions. McDonald, 43 F.4th at 1095. To doubt the district court's word, particularly where it provided oral corroboration and a written

8

statement of reasons for the variance, would be to impermissibly intrude upon its broad discretion in sentencing. See Barnes, 890 F.3d at 921. Therefore, the district court did not rely on an erroneous finding of fact.

**B. Mr. Rios-Flores's Sentence is Substantively Reasonable.**

Mr. Rios Flores next argues that his sentence is substantively unreasonable because: (1) the district court lacked a compelling justification to impose an upward variance, (2) the sentence creates a risk of unwarranted disparities, and (3) the district court placed dispositive weight on one factor. Aplt. Br. at 43, 52, 32–33. We disagree. "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." Haley, 529 F.3d at 1311. While we are not to act as a "rubber stamp" for the district court, we also must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007); Pinson, 542 F.3d at 836.

First, with respect to a compelling justification, a sentence should be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). However, it is well-recognized that "[i]n any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range." United States v. Martinez-Barragan, 545 F.3d 894, 904 (10th Cir. 2008) (quotations omitted). Therefore, we have declined to find a sentence unreasonable under the so-called parsimony principle where "[t]he record clearly reflects that the district court was aware of its responsibilities under

9

§ 3553(a)," and thoroughly considers the defendant's particular circumstances in a way that "evinces the court's intention to tailor a sentence to him." Id. Here, again, the district court considered all of the § 3553(a) factors as they relate to the facts of Mr. Rios-Flores's case and found that the Guidelines range was not reasonable given "the particular facts of this case." III R. 48, 52. Those facts included that "defendant, at the age of 34, injured his own child, received a very lenient sentence, and then came back to the United States only nine months later all the way from El Salvador, and, in doing so, violated his state probation." Id. at 53. The district court's analysis persuades us that it was "aware of its responsibilities under § 3553(a)," considered Mr. Rios-Flores's "individual circumstances," and intended to "tailor a sentence to him." Martinez-Barragan, 545 F.3d at 904. We therefore cannot say that the district court abused its discretion.

With respect to the need to avoid unwarranted sentencing disparities, we recently held that the "district court must explain its reasoning in light of all the § 3553(a) factors." United States v. Crosby, 119 F.4th 1239, 1251 (10th Cir. 2024). And while we have noted the importance of avoiding unwarranted sentencing disparities, we have also acknowledged that "[e]ven if the disparities factor weighs in favor of a [different] sentence," there is no abuse of discretion where "the district court considered it alongside other factors and the facts of [the] case" before it. Barnes, 890 F.3d at 921. On the other hand, we have taken issue with a district court's failure to engage in any discussion at all as to whether a particular sentence avoids unwarranted disparities or "why that factor should or should not weigh heavily in the

10

district court's determination." Crosby, 119 F.4th at 1251. Here, Mr. Rios-Flores presented the district court with several cases in which defendants with similar prior convictions received a Guidelines sentence. III R. 41–43. The district court was not persuaded but nevertheless found that any disparity was warranted by the "particular facts of this case." Id. at 44, 53; II R. 27. The district court therefore discussed the unwarranted disparities factor and suggested that the facts of Mr. Rios-Flores's case supported a conclusion that this factor "should not weigh heavily" in the court's determination. See Crosby, 119 F.4th at 1251. Because the district court considered the unwarranted disparities factor alongside other § 3553(a) factors and the facts of Mr. Rios-Flores's case, it did not abuse its discretion. Barnes, 890 F.3d at 921.

Finally, Mr. Rios-Flores asserts that the district court placed "dispositive weight" on one § 3553(a) factor: his prior conviction.[4] Aplt. Br. at 32–33. Our precedent counsels against placing "excessive reliance on a single factor in sentencing." United States v. Cookson, 922 F.3d 1079, 1093 (10th Cir. 2019). At the same time, however, the district court "need not afford equal weight" to each factor, and we defer to the district court's "determinations of the weight to be afforded to such findings." Id. at 1094 (quotations omitted). In considering all § 3553(a) factors, the district court discussed the facts of Mr. Rios-Flores's case which it found pertinent to

---

[4] Mr. Rios-Flores's "dispositive weight" argument appears in the procedural reasonableness portion of his brief, but our precedent is clear that "the weight the district court places on certain factors is reviewed for substantive unreasonableness." Pinson, 542 F.3d at 835–36. We therefore treat this argument under the substantive reasonableness framework.

11

each factor.  III R. 50–52.  Even if the district court was concerned about Mr. Rios-Flores's prior conviction, it "need not afford <u>equal</u> weight" to each factor.  <u>Cookson</u>, 922 F.3d at 1094 (emphasis added).  Mr. Rios-Flores's argument that the district court placed dispositive weight to his prior conviction is belied by the record, given that the district court ultimately considered and analyzed each sentencing factor.  II R. 48–54.

      AFFIRMED.

                            Entered for the Court


                            Paul J. Kelly, Jr.
                            Circuit Judge